STATE ex rel. HINRICHS et al., Respondents, v. OLSON,
Appellant.

(139 N. W. 112.)

1. **Appeal—Record—Necessity of Transcript—Dismissal of Appeal.**

Under Code Civ. Proc., Sec. 319, concerning making up of judgment roll, and Laws 1911, ch. 15, relating to settlement of bills of exceptions, **held**, that a party appealing only from the judgment entered on the pleadings alone, and seeking review of certain court orders entered upon motions, necessarily part of judgment roll, and no evidence having been introduced on the trial, and the affidavit upon which the order of this court to show cause and also the motion to dismiss appeal showing that an appeal was in fact taken,—is not required to file a transcript nor specifications of error referring to the pages therein. **Held**, further, that the motion to dismiss appeal should be denied.

2. **Appeal—Record—Judgment Roll—Transcript.**

Code Civ. Proc., Sec. 319, relating to judgment roll and making up of same, was not repealed by Laws 1911, ch. 15, relating to settlement of bills of exceptions, and which latter act requires, in an action tried by court or by jury, that a transcript of evidence may be filed but the judgment roll must still be made up and filed under Sec. 319, and, while it need not be included in the transcript, the latter should be annexed to judgment roll.

3. **Appeal—Record—Reference to Pages in Transcript—Striking out Specification of Errors.**

Where a transcript, upon a record not involving evidence in a bill of exceptions, contains many motions and orders not necessarily included in either the transcript or the judgment roll, but assignments of error were properly filed in trial court before the record was forwarded, and also set out in appellant's brief, they cannot properly be stricken out.

(Opinion filed December 14, 1912.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Mandamus by the State of South Dakota on the relation of John G. Hinrichs and others against C. A. Olson, as treasurer of the Independent School District of the Town of Claremont, of the Counties of Brown and Marshall. Peremptory writ issued, and defendant appeals. On motion to dismiss appeal, and on order to show cause why appeal should not be dismissed and why appellant's assignments of error should not be stricken from the record and from his brief. Motion to dismiss appeal denied, and order to show cause dismissed.

See, for Opinion of the Court on the merits of this appeal, 139 N. W. 109.

*L. T. Van Slyke,* and *Byron Abbott,* for Appellant.

*Charles M. Stevens,* and *G. N. Williamson,* for Respondent.

No briefs were filed by either party upon this motion and order.

CORSON, J.   This case is before us on an order to show cause why the appeal should not be dismissed for the reason that in appellant's statement of facts in his brief it does not appear that any appeal has been taken by the serving and filing of a notice and undertaking on appeal, or by the deposit of the amount of money required in lieu of such undertaking on appeal, and why the appellant's specifications of errors should not be stricken from the record and from his brief for the reason that it was not filed in the court within 10 days after the transcript and record was made up and filed therein, and for the further reason that in the specification of errors references are not made to the particular page or pages of the transcript or record where the alleged errors may be found, and for the further reason that such specifications of error are too general and indefinite to call upon the court to examine the questions attempted to be raised.

[1] We are of the opinion that as this appeal is taken from the judgment alone, and there is no allegation in the affidavit upon which the order to show cause is based that an appeal had not been taken, and as it appears from the affidavit that an appeal was in fact taken and that in the motion to dismiss the same it is in fact admitted that an appeal was taken in the case, and the appeal being from the judgment, and no evidence being introduced on the trial, the judgment having been entered on the pleadings alone, the transcript provided for by the act of 1911 (Laws 1911, c. 15) was not required to be filed, and specifications of error therein referring to the pages of the transcript were not necessary as in ordinary cases where the evidence is to be reviewed by the trial court or by this court.

It will be noticed by the first section of the act above referred to (chapter 15, Laws of 1911) it is provided: "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judg-

ment, if the action were tried with a jury, or after receiving notice of the entry of judgment, if the action were tried without a jury, * * * procure from the official court stenographer, a full and complete transcript, of all the evidence taken," etc.    It will thus be seen that the transcript referred to is only required when there is a trial by a jury or by the court, and a bill of exceptions is deemed necessary in the case.    The appeal in this case is from the judgment in which it is sought to review certain orders made by the court entered upon motions made in the case and which necessarily became a part of the judgment roll.

By section 319, Code Civ. Proc., it is provided: "Unless a party or his attorney shall furnish a judgment roll the clerk immediately after filing the judgment shall attach together and file the following papers, which shall constitute the judgment roll: * * * (2) In all other cases the summons, pleadings, or copies thereof, and the judgment, with any decision, verdict or report, the offer of the defendant, exceptions, case, and all orders or papers in any way involving the merits and necessarily affecting the judgment."

On an appeal from the judgment, therefore, all orders involving the merits and affecting the judgment constitute a part of the judgment roll.    As will be seen, this judgment roll is to be made up by the attorneys or the clerk and filed by the clerk, and the orders affecting the judgment become a part of the judgment roll, and on an appeal from the judgment the judgment roll constitutes the record in this court.

[2] In this case, however, it appears from an examination of the record that a transcript was filed embracing the judgment roll, and appended thereto is a statement of the errors assigned thereon which contained a full and specific specification of errors, but which was not filed within the 10 days as required by the act referred to, but which was filed within 30 days and before the transcript or record was forwarded by the clerk to the clerk of this court.    We are of the opinion that chapter 15, Laws of 1911, above referred to, does not in terms or by implication repeal section 319, Code of Civil Procedure, above quoted, and that the judgment roll must now be made up and filed as provided by that section, and it is not required to be included in the transcript

referred to in said chapter 15, but that the transcript provided for by chapter 15 should be annexed to the judgment roll.

[3] The transcript or record in this case contains a large number of motions and orders not necessary to be included in the judgment roll or in the transcript, and serves only to confuse the court in the consideration of the record in this court; but as an assignment of errors was properly filed in the circuit court before the record was forwarded to this court, and is properly contained in the appellant's brief, they cannot properly be stricken out. In view of the fact that the appeal is from the judgment and that the orders complained of made by the court are properly part of the judgment roll, we are of the opinion that the omission to make a reference to those orders by the numbers of the pages in the record is not in violation of the statute referred to.

The motion to dismiss the appeal and to strike out portions of the record is denied, and the order to show cause is dismissed.